UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
In re:

MITCHELL J. COHEN,

                Debtor.
-------------------------------------------------------------------x
TREUHOLD CAPITAL GROUP LLC,

                Plaintiff,

- against -

MITCHELL J. COHEN, LEND AMERICA, WELLS
FARGO BANK, N.A., SAXON MORTGAGE
SERVICES, INC., MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC., as nominee for
LEND AMERICA, INC., AMERICA'S SERVICING
COMPANY, and RICHARD L. STERN,

                Defendants.
-------------------------------------------------------------------x

Chapter 7

Case No.: 08-70271 (dte)

Adv. Pro. No.: 08-8058 (dte)

## MEMORANDUM DECISION AND ORDER

*Appearances:*

Benowich Law, LLP
*Attorneys for Plaintiff*
By: Leonard Benowich, Esq.
1025 Westchester Avenue
White Plains, New York 10604

Meyer, Suozzi, English & Klien, P.C.
*Attorneys for Plaintiff*
By: Alan E. Marder, Esq.
990 Stewart Avenue
Garden City, New York 11530

Beck & Strauss, P.L.L.C.
*Attorneys for Defendant Mitchell J. Cohen*
By: Leland Stuart Beck, Esq.
50 Charles Lindbergh Blvd.
Uniondale, New York 11553

The Honorable Dorothy T. Eisenberg, United States Bankruptcy Court

On July 20, 2010 the Court issued a Memorandum Decision and Order (the "July 2010 Memorandum Decision") which held that Treuhold Capital Group, LLC's (hereinafter "Treuhold" or "Plaintiff") and Defendant, Metropolitan Housing LLC ("Metropolitan") did not enter into a joint venture. This determination has not been appealed. In addition, the Court held that Mitchell J. Cohen ("Cohen" or the "Debtor"), Metropolitan and Steve Wissak were indebted to Treuhold Capital Group, LLC's ("Treuhold" or the "Plaintiff"), jointly and severally, in the sum of $282,904.23 under the April 2007 Settlement and Forbearance Agreement (the "April 2007 Agreement").

Ten days after the July 2010 Memorandum Decision, the Plaintiff filed a motion to reconsider, claiming that the Court may have incorrectly found the amount of debt remaining to be paid to the Plaintiff was $282,904.23. A hearing on the motion to reconsider was held on August 31, 2010, after which the Court acknowledged that it should not have determined the amount yet to be paid to Plaintiff without having a hearing to determine the facts as to how much credit should be afforded to the Defendants. The Court granted the motion to reconsider and vacated the parts of its July 2010 Memorandum Decision relating to the amount of money that was owed to the Plaintiff. The Court then scheduled an evidentiary hearing for October 7, 2010 for the parties to introduce additional evidence as to the value of certain pieces of real property as well as proof of payments that were made to the Plaintiff by the Defendants (the "Evidentiary Hearing"). After the Evidentiary Hearing the parties submitted post-hearing briefs and the Court took the matter under submission to determine what payments were made by the Defendants and what payments, if any, should be credited to the debt owed to Plaintiff.

## BACKGROUND:

Familiarity with the factual background and the circumstances of the bankruptcy case, this adversary proceeding, this Court's June 29, 2009 Decision and Order, the District Court's January 6, 2010 Memorandum and Order, and the July 2010 Memorandum Decision is presumed and only the facts relevant to the issues before the Court shall be stated herein.

As the Court noted in its July 2010 Memorandum Decision, Treuhold and Metropolitan entered into a business arrangement wherein Metropolitan would identify potential real estate that could be purchased by Treuhold. If the real estate was purchased by Treuhold, then Metropolitan would repair and rehabilitate the property, as well as market it. Prior to the Debtor's bankruptcy filing, the Debtor made several transfers of property in his own name without Plaintiff's knowledge. Two of these transfers were for 39 Coursen Place, Staten Island, New York (the "Coursen Property") and 22-25 Brookhaven Avenue, in Queens County, New York (the "Brookhaven Property", together with the Coursen Property, the "Properties").[1] While the two properties were within the Debtor's control he rented out the Coursen Property. However, the Debtor failed to turn over the rent that he received to the Chapter 7 Trustee or to Plaintiff. Therefore, any rent payments received by Cohen do not result in any credit for payment to the Plaintiff.

After the improper transfers were uncovered by Treuhold, the Debtor, Wissak and Metropolitan entered into a letter agreement with Treuhold in January 2007, individually and as members of Metropolitan, (the "January 2007 Agreement") acknowledging that they owed Plaintiff $3,104,086.00, inclusive of all sums due for principal, interest and Plaintiff's profit

---

[1] At the Evidentiary Hearing, Cohen produced William Buckley who attempted to testify as to the value of the Properties. However, after an examination into his qualifications as an expert, the Court did not qualify him as an expert because he had no personal knowledge of the total condition of either property. As such, the Court did not give any weight to his testimony.

participation (the "Indebtedness"). However, the Debtor, Wissak and Metropolitan did not comply with the terms of the January 2007 Agreement.

Thereafter, in April 2007 the parties entered into another agreement, the Settlement and Forbearance Agreement (the "April 2007 Agreement"), which was a compromise intended to shorten the dispute between the parties, whereby the Debtor, Wissak and Metropolitan (the "Obligors") acknowledged that they were, jointly and severally, indebted to the Plaintiff in the amount of $1,935,986.02. At the time the parties signed the April 2007 Agreement the parties acknowledged that $622,705.00 had been paid by the Obligors towards the debt. The Debtor and Wissak made further payments to Plaintiff under the April 2007 Agreement, but they ultimately defaulted.

## DISCUSSION:

The District Court's January 6, 2010 Memorandum and Order remanded this adversary proceeding to the Court for the Court to make a finding as to whether there should be an offset, or a credit given, based upon money or property already recovered by Treuhold under the April 2007 Agreement or otherwise, and/or whether Plaintiff has received a windfall. *See In re Cohen*, 422 B.R. 350, 380 (E.D.N.Y. 2010).

It is clear from the testimony presented at the Evidentiary Hearing that the April 2007 Agreement was a compromise between the parties that was intended to result in a quick resolution of their dispute. (Transcript at 42-44). Ultimately the Debtor, Wissak and Metropolitan failed to fulfill their obligations under the compromise. As noted by Plaintiff's counsel, there are several possible avenues that Plaintiff may pursue against Cohen, including, but not limited to, tort claims and equitable relief. (Plaintiff's Post-Hearing Memorandum at 5-6). This Court will not foreclose Plaintiff's right to determine how it will proceed against the

4

Defendants. In the absence of a final determination as to how Plaintiff will proceed against Cohen and what damages, if any, will be awarded in favor of the Plaintiff, at this time the Court cannot determine whether or not Plaintiff will receive a windfall as suggested by Debtor's counsel.

In its July 2010 Memorandum, the Court determined that the sum of $902,251.66 had been paid to Plaintiff pursuant to the April 2007 Agreement. However, additional testimony and evidence was provided to the Court at the Evidentiary Hearing as to how much was received by Plaintiff. At the Evidentiary Hearing, Treuhold's principal, Alvin Sarter testified as to Claim No. 6 that had been filed by Treuhold in the main bankruptcy case. Annexed to the Proof of Claim was a Rider that states that Cohen and Wissak have made payments of $999,305.67 to Treuhold. This amount includes payments that were made prior to the April 2007 Agreement and two payments made after January 1, 2008. Sarter testified that Treuhold did receive the sum of $999,305.67 towards satisfaction of the amount owed. (Transcript at 47). Thus, based upon the Proof of Claim, the Rider, and Sarter's testimony, the Court finds that $999,305.67 should be credited against any amounts ultimately found to be owed to Plaintiff by the Defendants.

Additionally, pursuant to this Court's June 2009 Memorandum Decision and the District Court's January 6, 2010 Memorandum and Order, the fraudulent conveyances of the Properties were undone, and as a result two Properties reverted back to Plaintiff. In June 2010 Plaintiff sold the Brookhaven Property for $210,000.00 and Plaintiff received net proceeds of $201,281.52. (ECF Docket No. 155). These net proceeds that Treuhold received from the sale of the Brookhaven Property shall also be credited against any damages that may be ultimately awarded to Plaintiff. (Transcript at 162). Cohen's arguments that Treuhold should have made improvements to Brookhaven in an attempt to realize a greater sale value are unavailing as

Treuhold was under no obligation to do so. As for the Coursen Property, the Court will not render a determination as to its value or how such a value should be calculated as the property has not yet been sold and as such it would be premature for this Court to make a determination fixing its value.

## CONCLUSION:

Pursuant to the above findings of facts and conclusion of law, the Court finds that the amount that should be credited against any damages ultimately found to be owed to Treuhold by Cohen, Metropolitan and Wissak is $1,200,587.19. This amount represents the payments that have previously been made to Treuhold and the net proceeds of the Brookhaven Property. Additionally, the net proceeds from the sale of the Coursen Property, if and when it is sold, should be credited against the debt owed to Plaintiff when these net proceeds are available for payment to Plaintiff.

So ordered.

Dated: Central Islip, New York
       December 20, 2010

*s/ Dorothy Eisenberg*
Honorable Dorothy Eisenberg
United States Bankruptcy Judge